# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| EMILIO RABASA EDWARD, ) | |
| ) | CIVIL ACTION NO. 9:15-2911-BHH-BM |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| WARDEN R H MAUNEY, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on July 20, 2015.[1]

The Respondent filed a return and motion for summary judgment on May 18, 2016. As the Petitioner is proceeding pro se, a Roseboro order was filed on May 24, 2016, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. On June 1, 2016, Petitioner filed a memorandum in opposition to summary judgment and also filed his own motion for summary judgment. The Respondent filed a supplement to its motion for summary judgment on June 7, 2016, and a memorandum in opposition to Petitioner's motion for summary judgment on June 20, 2016.

This matter is now before the Court for disposition.[2]

---

[1] Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local
(continued...)



**Procedural History**

Petitioner was indicted in Spartanburg County in July 2008 for a Traffic/Hit and Run with a Death [Indictment No. 08-GS-42-3643]. See Respondent's Exhibit 1. Petitioner was represented by Assistant Public Defender Andrea Price, and on June 18, 2010 entered a guilty plea to the charge. See Respondent's Supplement filed on June 7, 2016. Petitioner was thereafter sentenced to fifteen (15) years, provided that upon the service of ten (10) years the balance would be suspended in favor of probation for five (5) years. Id., at p. 19; see also Respondent's Exhibit 2. Petitioner did not appeal his conviction and/or sentence.

On April 23, 2013, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court; Edwards v. State of South Carolina, No. 2013-CP- 42-1915; raising the following issue:

**Ground One:** Agreement Violated.

**Supporting Facts:** Upon Aug. 18, 2012, I was told that my sentence changed. Lost parole eligibility due to the change. Agreement in court has been violated do (sic) to change.

See Respondent's Exhibit 3.

On March 12, 2014, after the State filed a return and moved to dismiss for failure to file within the one-year statute of limitations and for failure to state a claim on which relief could be granted, the Chief Judge for Administrative Purposes for the Seventh Judicial Circuit issued a conditional order of dismissal expressing his intent to summarily dismiss the matter as untimely and for failure to state a claim. Petitioner was given twenty (20) days to show why the order should not

---

(...continued)
Rule 73.02(B)(2)(c)and (e), D.S.C. The parties have filed motions for summary judgment. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.



become final.  See  Respondent's Exhibit 5.  On March 21, 2014, an officer with the South Carolina Department of Corrections served Petitioner with a copy of the Conditional Order of Dismissal, and Petitioner signed a receipt of the same.  See  Respondent's Exhibit 6.  On April 7, 2014, Petitioner filed a "motion" for the conditional order not to become final.  See Respondent's Exhibit 7.  Thereafter, by final order dated and filed on May 13, 2015, the state court found that Petitioner had failed to show sufficient reason why the conditional order should not become final and dismissed the application.  See  Respondent's Exhibit 8.  Petitioner filed a motion to alter or amend the judgment on June 8, 2015, which was denied by the State Court on July 10, 2015.  See  Respondent's Exhibits 9 and 11.  Petitioner did not appeal the dismissal of this APCR.

On April 17, 2015, Petitioner filed a second application for post-conviction relief in state circuit court;  Edwards v. State of South Carolina, No. 2015-CP- 42-1080; raising the following issues:

>    **Ground One:** Guilty Plea was not knowingly, voluntarily, and intelligently made.
>
>    **Ground Two:** Ineffective Assistance of Counsel.
>
>    **Ground Three:** Lack of Subject Matter Jurisdiction.

See Respondent's Exhibit 12, p. 3 and Attachments.  Petitioner also subsequently filed an amended application raising additional issues.  See Attachment 13.  After the State made its return and moved to dismiss the action as improperly successive and untimely, the state court judge filed a conditional order of dismissal on September 28, 2015 (dated September 23, 2015), advising Petitioner of his intent to summarily dismiss the action, but allowing Petitioner twenty (20) days from the date of service to show cause as to why the order should not become final.  See Respondent's Exhibit 15. On September 29, 2015, the Petitioner filed his objection and on October 12, 2015, Petitioner filed



a document titled "Final Order." See Respondent's Exhibits 16 and 17.

On October 15, 2015, an officer with the South Carolina Department of Corrections served Petitioner with a copy of the conditional order of dismissal, and Petitioner signed a receipt of same. See Respondent's Exhibit 18. As of the filing of Respondent's return on May 18, 2016, Respondent represents that a final order had not been issued. See Court Docket No. 30, p. 5. Petitioner then filed his Petition for writ of habeas corpus in this United States District Court, even though his second APCR action discussed hereinabove is still pending. Petitioner raises the following grounds for relief in this federal Petition:

**Ground One:** Denied Due Process to Involuntary Guilty Plea or Knowingly or Intelligently made rendered his custody unlawful.

**Ground Two:** Ineffective Assistance of Counsel fail to pursue a defense available to the defendant rendered his custody unlawful.

**Ground Three:** Counsel was ineffective for improperly advising the defendant he would be parole eligible.

**Ground Four:** Counsel was ineffective for not advising the defendant that if he would have went to trial, he could have receive[d] the lesser include[d] offense.

See Petition, pp. 5-6, 8-9.

## Discussion

As noted, both parties had moved for summary judgment in this case. Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially



meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Respondent argues in his motion, inter alia, that the entire Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. This limitations period is part of the AEDPA,[3] and runs, under 28 U.S.C. § 2244(d)(1), from the latest of -

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, § 2244(d)(2) provides that,

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

This Petition falls under § 2244(d)(1)(A). Since Petitioner did not appeal his conviction or sentence, his state court convictions became final on June 28, 2010, when his time to

---

[3]Antiterrorism and Effective Death Penalty Act of 1996.



appeal expired. See SCACR Rule 203(b)(2); see also Crawley v. Catoe, 257 S.E.2d 395, 398 (4th Cir. 2001). By the time Petitioner filed his first APCR on April 23, 2013, almost three years of non-tolled time had passed from when his conviction had became final. Therefore, even though the filing of an APCR can toll the running of the statute of limitations, in this case the period of limitations to file a federal habeas petition had already expired prior to Petitioner filing his first APCR. Watts v. Warden of Leiber Correctional Institution, No. 12-1211, 2013 WL 4736690 at * 2 (D.S.C. 2013)["Thus, while the petitioner subsequently filed a PCR application . . . , the period of limitations could not be tolled under §2244(d)(2) because it had already expired prior to the filing of the action in this court."].

Furthermore, since Petitioner's first APCR was found to be untimely, it would not toll the running of the limitations period for any new federal habeas petition Petitioner may seek to file, because it was not a "properly filed" petition.[4] Cf. Pace v. DiGuglielmo, 544 U.S. 408, 413-416 (2005)[A state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)]; see also McMillian v. Carochi, 198 Fed.Appx. 766, 768 (10th Cir. 2006)["Successive state motions for postconviction relief toll 28 U.S.C. 2244(d)(2)'s one-year limitation period [only] as long as they were otherwise 'properly filed.'"]. An inmate's PCR application and his appellate PCR application may have a statutory tolling effect only if, in addition to being timely for the purposes of the AEDPA analysis (which Petitioner's was not), they are timely and duly perfected under the state court rules. See Artuz v. Bennett, 531 U.S. 4, 8–9 (2000); see also

---

[4] With regard to Petitioner's second APCR, the conditional order entered in that case also indicates that it is subject to dismissal for being untimely. If it is ultimately dismissed on that basis, it also would not provide any basis for tolling the running of Petitioner's federal statute of limitations. Cf. Pace, 544 U.S. at 413-416; see also McMillian, 198 Fed.Appx. at 768; Artuz, 531 U.S. at 8–9; see also Jenkins v. Superintendent of Laurel Highlands, supra.

6



Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80 (3d Cir.2013).

Finally, Petitioner does not offer any equitable tolling arguments. Instead, he contends in his Petition and his memorandum in opposition to summary judgment that a properly filed state APCR tolls the federal statute. See Petition, p. 13. However, in addition to his failure to show any "properly" filed APCR, the filing of his first and/or second APCR did not restart the federal statute of limitations period anew. Cf. Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review tolls the one-year statute of limitations under § 2244(d) (A), it does not establish a right to file within one year after completion of collateral review]; Harris v. Hutchinson, 209 F.3d 325, 327-328 (4th Cir. 2000).

Accordingly, as Petitioner filed this federal habeas petition well after the expiration of the applicable limitations period, it is time barred from consideration by this Court under § 2244(d)(1)(A).

## Conclusion

Based on the foregoing, it is recommended that the Petitioner's motion for summary judgment be **denied**, and that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June 29, 2016
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

