IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Emilio Rabasa Edward,           )<br>                                 )<br>            Petitioner,           )<br>                                 )  Civil Action No. 9:15-2911-BHH<br>v.                               )<br>                                 )  **ORDER**<br>Warden R H Mauney,               )<br>                                 )<br>            Respondent.          )<br>_____) | |

       This matter is before the Court on Emilio Rabasa Edward's ("Edward" or "Petitioner") pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 18, 2016, Respondent filed a motion for summary judgment, to which Edward filed a response in opposition. Edward also filed a cross-motion for summary judgment on June 1, 2016.

       In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review. On June 29, 2016, Magistrate Judge Bristow Marchant filed a Report and Recommendation ("Report"), finding that Petitioner failed to timely file the instant petition and recommending that the Court grant Respondent's motion for summary judgment. Petitioner filed written objections to the Report, and the matter is ripe for review.

## STANDARDS OF REVIEW

### I.    Magistrate Judge's Report

       This Court is charged with conducting a de novo review of any portion of the Report to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that Report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion(s) of the Report to which the objection is

made and the basis for the objection. *Id.* After a review of the record, including the Report and Petitioner's objections, the Court finds that the Magistrate Judge adequately and accurately summarized the facts and applied the correct principles of law.

## II.     Summary Judgment

To grant a motion for summary judgment, this Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## **DISCUSSION**

## I.     The AEDPA's Statute of Limitations

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), as amended in 1996, a one-year period of limitation applies to an application for "a writ of habeas corpus by a person in custody pursuant to the judgment of a state court." 28 U.S.C. § 2244(d)(1). The limitation period for filing a § 2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by

>    State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D).

In South Carolina, pursuant to Rule 203(b)(2) of the South Carolina Appellate Court Rules, a defendant must file a notice of direct appeal within ten days of his conviction. Thus, if a defendant does not file a direct appeal, then his conviction becomes final ten days after the adjudication of guilt. On the other hand, if a defendant does file a direct appeal, and if his conviction is affirmed, then the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. *Harris v. Hutchinson*, 209 F.3d 325, 327-28, n.1 (4th Cir. 2000).

Section 2244(d)(2) also provides that its one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "[U]nder § 2244(d)(2) the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review), is tolled from the limitations period for federal habeas corpus petitioners . . . ." *Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999). Following the denial of relief in state court habeas

3

proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time during which the United States Supreme Court considers a petition for certiorari, is tolled." *Crawley v. Catoe*, 257 F.3d 395, 399 (4th Cir. 2001).

A state collateral proceeding must be "properly filed" for section 2244(d)(2) to apply. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually proscribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)).

Here, as the Magistrate Judge noted, Petitioner's conviction became final on June 28, 2010, ten days after he was sentenced, as he did not file a direct appeal of his conviction and sentence. Therefore, by the time Petitioner filed his first post-conviction relief ("PCR") application on April 23, 2013, almost three years of non-tolled time had passed since his conviction became final, rendering the instant § 2254 petition untimely.

In his objections to the Magistrate Judge's Report, Petitioner contends that his PCR application was properly filed, presumably arguing that it tolled the statute of limitations. However, as the Magistrate Judge noted, even though Petitioner is correct that a properly filed PCR application tolls the statute of limitations, it was determined that Petitioner's first PCR application was not timely filed in state court. Therefore, it was not a "properly filed" petition for purposes of § 2244(d)(2). *Pace*, 544 U.S. at 414. Moreover, although it appears that Petitioner currently has another PCR application pending in state court, which

4

he filed on April 17, 2015, the filing of this second PCR application–like the filing of his first PCR application–did not restart Petitioner's federal limitations period anew.

Lastly, the Court agrees with the Magistrate Judge that Petitioner has not shown that he is entitled to equitable tolling. As the Fourth Circuit stated in *Harris v. Hutchinson*:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

209 F.3d 325, 330 (4th Cir. 2000). Generally, a petitioner seeking equitable tolling bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace*, 544 U.S. at 418 (citation omitted). Because Petitioner has not met that burden, the Court agrees with the Magistrate Judge that Respondent is entitled to summary judgment.

## **CONCLUSION**

After careful review, the Court agrees with the Magistrate Judge's analysis and finds Petitioner's objections (ECF No. 44) to be without merit. Accordingly, the Court **ADOPTS** the Magistrate Judge's Report (ECF No. 41); **GRANTS** Respondent's motion for summary judgment (ECF No. 31); **DENIES** Petitioner's motion for summary judgment (ECF No. 35); and **DISMISSES** this untimely § 2254 petition with prejudice.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

November 4, 2016
Charleston, South Carolina

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims to be debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  Here, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is denied.